[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on October 18, 1981 at Trumbull, Connecticut. Both parties have resided continuously in this State since that time. There is one minor child issue of the marriage: Russel Ruas, born February 7, 1987.
The evidence presented at trial has clearly established the allegations that the marriage has broken down irretrievably. Judgment may enter dissolving the marriage on that ground.
The Court has carefully considered the criteria set forth in Sections 46b-62, 46b-81, 46b-82, and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
The parties have been married for approximately 14 years. This dissolution action however has been pending for approximately 2 years. Both parties indicated that the first five years of the marriage were rocky. With the birth of their son in 1987, the marriage continued to falter although both parties went for counseling in an attempt to resolve their differences. The CT Page 7830 plaintiff initiated a dissolution in 1988 but both parties attempted to reconcile their differences and the dissolution action was withdrawn.
The plaintiff initiated this second dissolution in August 1992 which then sent both parties scurrying to close out their bank accounts, lines of credit joint and otherwise. The husband was the most successful in that he closed out a joint Certificate of Deposit in the amount of $10,000. The husband used these funds to pay down his credit cards, a joint checking account credit line and paid a retainer for attorney's fees.
The defendant claimed that the major source of this Certificate of Deposit came from his Workman's Compensation claim.
The defendant also borrowed up to the maximum on the Home Equity Loan. However, this amount of $7500. was later returned to the Home Equity line of credit. During the pendency of this dissolution, the defendant sold some stock and realized approximately $6300.
The wife was only able to withdraw the sum of $3000. from the Home Equity Line of Credit which sum she used for counsel fees.
Some of her assets which appeared on earlier financial affidavits have disappeared.
The defendant earned a bonus in 1992 which was to paid him in 1993. The gross amount of this bonus was approximately $23000 with a net of approximately $13,700.
The defendant used his bonus to pay down his credit card debts, furnish his new apartment and pay counsel fees.
When the plaintiff's income went from $15,600 a year, on which the Pendente Lite orders were based and entered, to approximately $42,000 a year, this information was not disclosed.
Both parties have spent substantial sums in tracking the others source of income, checking account and savings account statements, wage information and in depositions. Both parties have treated lightly their continuing obligation to disclose.
The court notes that the major asset of this marriage is the marital home. The parties agreed that the home has a fair market CT Page 7831 value of $121,500 and is subject to mortgage of approximately $85,000 leaving a net equity of approximately $36,500.
The defendant has a 401(K) and IRA's totaling approximately $39,000. The plaintiff has a 401(K) and IRA's totaling approximately $19,000 plus a pension plan at her employment.
Both parties were articulate and intelligent. Unfortunately, both parties have difficulty communicating with each other and each is trying to control the other.
The plaintiff is 36 years of age and in good health. She has a certificate in Graphic Computers from Fairfield University. She has been gainfully employed throughout the marriage except for maternity leave and a one year absence when she remained at home to care for their young child. The plaintiff presently earns approximately $41,600 as a graphic artist at Sikorsky. Both the plaintiff and the defendant have benefit packages at their respective places of employment.
The defendant is 41 years of age and in good health. He has an MBA in finances and a certificate in advanced financial planning from Fairfield University.
The defendant is presently a Vice President in charge of finances at a company where he has been employed since 1991. The defendant previously held positions as a comptroller in several other companies. The defendant is presently earning approximately $70,000 gross per year.
No useful purpose would be served by reviewing all the evidence presented in this matter. There were allegations and counter allegations from both parties. Unfortunately, the parties were unable to resolve their marital difficulties. The court declines to assess fault to either party.
The Court has considered all the appropriate statutory criteria in reaching the decisions reflected in the orders that follow.
A. Custody Visitation
1. The plaintiff and the defendant shall have joint custody of the minor child with primary residence to be with the plaintiff. CT Page 7832
2. The defendant shall have reasonable, flexible and liberal visitation including but not limited to the following:
(1) Alternate weekends, from Friday at 6:00 PM to Sunday at 7:00 PM when school is in session and 8:00 PM when there is no school on the following Monday. During the summer months the child shall be returned on Monday morning at 8:00 AM.
(2) Every Tuesday from 5:00 PM overnight to Wednesday at 7:30 AM.
(3) Every Thursday from 5:30 PM to 8:00 PM
(4) Each party shall have at least one uninterrupted week during the summer with one month notice to the other. The defendant shall have five days consecutive visitation in the summer of 1994.
(5) The defendant shall have the minor child on Father's Day and the Defendant's birthday.
(6) The plaintiff shall have the minor child on Mother's Day and the plaintiff's birthday. If the plaintiff's birthday falls on the defendant's visitation day, the defendant shall be entitled to a make up date.
(7) The parties shall alternate the child's winter and spring school vacation, starting with the defendant in the winter of 1995.
(8) The parties shall alternate the following holidays as follows:
 Labor Day 1994 to the plaintiff; Thanksgiving 1994 to the defendant.; Easter 1995 to the plaintiff; Memorial Day 1995 to the plaintiff; July 4th 1995 to the defendant.
(9) Beginning Labor Day 1995, the parties shall alternate each holiday beginning with the defendant on Labor Day.
(10) During all holiday visitation as set forth above, the defendant shall pick up the child at 9:00 AM and return the child at 7:00 PM if the following days is a school day otherwise at 8:00 PM. CT Page 7833
(11) The parties shall divide the week between Christmas and New Years.
(12) The defendant shall have the minor child on Christmas Day from 11:30 AM until 8:00 PM on the third day of the scheduled Christmas week vacation.
(13) The defendant shall have the minor child on Christmas Eve from noon to 7:00 PM.
3. The court anticipates as the child gets older, the overnight and times will have to modified taking into account the schedule and desires of the minor child.
4. Neither parent will do anything which may injure the opinion of said child as to the other party or act in such a way as to hamper the free and natural development of said child's love and respect for the other party.
5. Each parent shall furnish to the other copies of any reports from third persons concerning the health, education and welfare of said child.
6. Each parent shall be entitled to complete detailed information from any teacher or school of the minor child and shall be entitled to be furnished with copies of all reports and records with respect to the child's education.
7. The plaintiff shall keep the defendant informed about school events, activities or meetings as much in advance as possible, so that the defendant will be able to plan to attend such activities.
8. Both parents shall instruct school authorities to send all notices to both parents.
9. Both parties shall be mindful of the health of the minor child, who has chronic sinusitis, and shall refrain from doing anything not in the best interests of the child's health and well being. Both parties shall see that the child has a smoke free environment and that the child obtains proper and appropriate sleep and rest. The defendant shall abide by the plaintiff's bedtime hours for the minor child.
10. The parties shall confer with one another with reference CT Page 7834 to major decisions involving the minor child with respect to the health, education and well being of the minor child and the parties shall attempt to adopt a harmonious policy suited to the best interests of the child.
11. The defendant shall be entitled to have daily telephone contact with the minor child at reasonable hours of the day and night.
B. Child Support
1. The defendant shall pay to the plaintiff as child support the sum of $185. per week until such time as the child reaches the age of 18 years, becomes emancipated or dies. Said order shall commence within one week of date. The Pendente Lite orders shall continue until that time.
2. An immediate withholding is ordered.
C. Real Estate
1. The defendant shall quit claim his right, title and interest in and to the real estate located at 8 Pond Drive, Ansonia, Connecticut to the plaintiff. The plaintiff shall be responsible for the first mortgage and the Home Equity loan and shall hold the defendant harmless therefrom.
2. Within four years of date, the plaintiff shall refinance said mortgage to eliminate the defendant's name from the mortgage.
3. In the event the plaintiff is unable to refinance said mortgage, or otherwise eliminate the defendant's name from the mortgage, then the, property shall be promptly placed on the market for sale, and shall be sold forthwith.
4. After the payment of the real estate commission, usual closing costs and attorney's fees, the first mortgage and the Home Equity Line of Credit, the defendant shall receive 40% of the net proceeds and the plaintiff shall be entitled to the balance.
5. The defendant shall be responsible for 40% of the capital gains tax, if any.
6. The court shall retain jurisdiction over any disputes arising out of the sale of the real estate. CT Page 7835
D. Alimony
1. The plaintiff wife is entitled to a share of the bonus, the certificate of deposit and the proceeds, of the sale of stock, which the defendant appropriated to his own use. The defendant at the present time has no liquid assets (other than the 401(k) and IRA's) to pay a lump sum.
2. Therefore, the court orders that the defendant shall pay to the plaintiff the sum of $50. per week as alimony for a term of 4 years. The amount and term shall be non-modifiable by the plaintiff. The amount shall be modifiable by the defendant only in the event he becomes unemployed.
3. The court is calling this award alimony so that it cannot be discharged in bankruptcy and to enable the defendant to have the benefit of a tax deduction.
4. The plaintiff has yearly reviews of her salary and anticipates increases. With the court award of child support she has approximately the same income as the defendant.
E. Personal Property
1. The defendant shall be entitled to the following:
 oriental rug computer cassette player 1/2 of all the family photos and video tapes Stereo Receiver
2. The plaintiff shall be entitled to the following:
 sony walkman glass serving plate 1/2 of the cassette tapes, CD and albums acquired after the marriage CD player
3. Each party shall be entitled to retain the personal property in their respective possession.
F. Medical Coverage
CT Page 7836
1. The defendant shall continue to provide the medical coverage as is available at his place of employment for the benefit of the minor child. Any unreimbursed medical expenses relating to medical, dental, orthodontia, hospitalization shall be equally divided between the parties. The plaintiff shall forward the unreimbursed medical bills to the defendant in a prompt and orderly fashion.
G. Life Insurance
1. The defendant shall provide and maintain Life Insurance in the amount of $150,000 (One Hundred and Fifty Thousand Dollars) naming the minor child as the beneficiary thereon, for so long as the defendant has an obligation for child support. This provision shall be modifiable.
H. Miscellaneous
1. The parties have agreed and it is ordered that the Joint Federal and State Income Tax Refunds shall be equally divided between the plaintiff and the defendant.
2. The defendant shall reimburse the plaintiff the sum of $420. for unreimbursed medical expenses incurred by the minor child within 2 weeks of date.
3. The plaintiff shall be entitled to her savings accounts, IRA's, 401(k) Plan and Pension.
4. The defendant shall be entitled to his 401(k) plan, IRA's, Savings account and stock.
I. Counsel fees
1. Each party shall pay their respective counsel fees.
J. Tax Exemption
1. The defendant shall be entitled to claim the minor child as a dependant for income tax purposes, provided he is current with the child support order as of December 31.
COPPETO, J. CT Page 7837